IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-PO-26 |
| | ) | |
| NORMAN W. WINKLE, | ) | (SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This case is before the Court on the Defendant's Motion for Change of Incarceration Location [Doc. 3], filed June 20, 2011. On May 25, 2011, following the Defendant's guilty plea to a second offense of driving while intoxicated, this Court entered a Judgment [Doc.1], sentencing the Defendant to one year of probation with a special condition that the Defendant serve ten days in jail. At the Defendant's request, the Court recommended that the Defendant serve the ten days in two five-day terms, with at least one week in between the two terms. The Court also recommended that the Defendant be designated to the Sevier County, Tennessee, Jail for service of his jail time. The Bureau of Prisons designated the Defendant to serve his incarceration at Silverdale in Chattanooga, Tennessee, beginning June 27, 2011.[1]

The Defendant moves the Court to order that he serve his sentence of incarceration at the Sevier County Jail. He states that service of his sentence at that location is in his best interest because he is elderly and has medical problems. He states that he has received written permission

---

[1] United States Probation Officer Elaine Johnson was able to postpone the Defendant's report date. The Defendant will be notified of his new report date.

1

from the Sevier County Sheriff to serve his sentence at the Sevier County Jail. The Defendant also states that he will bear any expense connected with his incarceration there.

The parties appeared for a hearing on the Defendant's motion on June 24, 2011. Assistant United States Attorney Frank Dale appeared on behalf of the Government. Attorney Bryan E. Delius represented the Defendant, who was also present. At the hearing, the Court explained to the Defendant that Sevier County Jail is not a location to which the Bureau of Prisons will designate federal prisoners. Moreover, the Defendant cannot serve his sentence at the Blount County Jail because it is full to capacity with pretrial detainees. Accordingly, Silverdale is the closest and most convenient location to which the Defendant can be designated. The Defendant's Motion for Change of Incarceration Location [**Doc. 3**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge