IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-PO-26 |
| | ) | |
| NORMAN W. WINKLE, | ) | (SHIRLEY) |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Defendant's Motion to Amend the Judgment [Doc. 5], filed June 28, 2011. On June 8, 2011, this Court entered an Amended Judgment [Doc.2][1] convicting the Defendant of a second offense of operating a motor vehicle under the influence of alcohol to a degree that renders the operator incapable of safe operation in violation of 36 C. F. R. § 4.23(a)(1). In his motion, the Defendant contends that his agreement with the Government was to plead guilty to a first offense of operating a motor vehicle under the influence of alcohol to a degree that renders the operator incapable of safe operation. Counsel appeared for a hearing on the Defendant's motion on July 6, 2011. Assistant United States Attorney J. Edgar Schmutzer appeared on behalf of the Government. Attorney Bryan E. Delius represented the Defendant, who was not present. The Court heard the arguments of counsel and considered the documents proffered by the Government. Additionally, prior to the hearing, the Court listened to a recording of the May 25, 2011 hearing at which the Defendant entered his guilty plea and was sentenced.

---

[1] The original Judgment [Doc. 1] of May 25, 2011, was amended to reflect the correct date.

1

Rule 36 of the Federal Rules of Criminal Procedure permits the Court to correct a clerical error in the judgment at any time. After reviewing the pertinent documents, the recording of the guilty plea hearing, and the parties' arguments, the Court finds that the Defendant has not shown that the second offense language in the Judgment was an error. In this regard, the Court makes the following findings and conclusions, which were more fully set forth at the July 7 hearing:

> (1) In October 2008, the Defendant pled guilty before this Court to operating a motor vehicle under the influence of alcohol to a degree that renders the operator incapable of safe operation in violation of 36 C. F. R. § 4.23(a)(1). [Case No. 3:08-PO-53, Doc. 1]
>
> (2) At the time that the Defendant entered into the instant guilty plea on May 25, 2011, the Government thought that the Defendant was pleading to a second offense of DUI;
>
> (3) The defense counsel also thought that the Defendant was negotiating down from the forty-five-day term of incarceration required in for a second DUI offense under state law to the ten-day sentence to which he agreed;.
>
> (4) The Defendant did not attend the July 6, 2011 hearing and, thus, did not convey to the Court his personal understanding of the offense to which he was pleading;
>
> (5) Although the Court did not mention the terms "second offense" in the guilty plea litany, at the time it imposed the Defendant's sentence, the Court observed that he had multiple prior DUI convictions. The Defendant also stated during the hearing that he had a prior DUI conviction;
>
> (6) The Judgment [Doc. 2] expressly states that the Defendant is convicted of a second offense. Both the attorney for the Government and defense counsel agreed to the terms of the Judgment before the Court signed it; and
>
> (7) The discussion of the Defendant applying for a restricted driver's license only occurred at the end of the hearing, after the Defendant had entered his guilty plea and the Court had imposed the sentence. During that brief discussion, defense counsel noted that the

2

> Defendant had a "prior DUI" and stated that he believed the Defendant would qualify for a restricted driver's license under the new state law only if he obtained an ignition interlock device. The Court responded that it would *consider* signing an order stating the Defendant was eligible for a restricted driver's license.

Accordingly, the Defendant's Motion to Amend Judgment [**Doc. 5**] is **DENIED** without prejudice to the Defendant filing a motion to withdraw his guilty plea, if he so chooses. The Court also declines to sign the form order regarding the Defendant's application for a restricted driver's license because it finds that the Defendant is not eligible at this time based upon his 2008 DUI conviction in this Court.

**IT IS SO ORDERED.**

ENTERED:

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

3